IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ANDREA GENRETTE,<br><br>                      Debtor. | Chapter 13<br>Bankr. Case No. 15-11738 (BLS) |
| ANDREA GENRETTE,<br><br>                      Appellant,<br><br>                v.<br><br>BANK OF NEW YORK MELLON TRUST COMPANY,<br><br>                    Appellee. | C.A. No. 18-1883 (MN) |

## MEMORANDUM ORDER

**I.    INTRODUCTION**

Presently before the Court is an appeal from a Bankruptcy Court order dated November 27, 2018 (B.D.I. 118)[1] ("Order Denying Loan Modification"), entered in the Chapter 13 case of *pro se* appellant Andrea Genrette ("Appellant"), denying Appellant's entry into a Loan Modification Agreement with appellee Bank of New York Mellon Trust Company, N.A. ("Bank of New York"). For the reasons set forth herein, the Court will affirm the Order Denying Loan Modification.

**II.    BACKGROUND**

    **A.    Chapter 13 Case**

On June 21, 2004, Appellant and George McClone ("McClone") obtained a mortgage loan from Mercantile Mortgage Company. (*See* D.I. 13, Note attached as Exhibit B). To secure the

---

[1]    The docket of the Chapter 13 case, captioned *In re Andrea Genrette*, No. 15-11738-BLS (Bankr. D. Del.), is cited herein as "Bankr. D.I. __."

loan, Genrette and McClone gave a mortgage to MERS as nominee for Mercantile ("Mortgage") as to property located at 4 Westbury Drive, New Castle, Delaware ("Property"). (*See id.,* Mortgage attached as Exhibit C). On October 1, 2010, Genrette entered into a Non-Hamp Loan Modification Agreement. (*See id.,* Loan Modification Agreement attached as Exhibit D). MERS as nominee for Mercantile assigned the mortgage to Bank of New York on October 1, 2015. (*See id.,* Assignment of Mortgage attached as Exhibit E).

On August 19, 2015, Appellant commenced a Chapter 13 case (Bankr. D.I. 1). On October 26, 2015, the Bankruptcy Court entered an order confirming Appellant's Chapter 13 plan. (*See* Bankr. D.I. 30, 34). On September 13, 2016, Bank of New York filed a proof of claim ("Proof of Claim") claiming pre-petition arrears of $5,761.01. (D.I. 13, Proof of Claim attached as Exhibit F). Appellant did not object to Bank of New York's Proof of Claim for over a year and half, and only did so after Bank of New York sought relief from the stay. On March 22, 2018, Appellant filed an Objection to Proof of Claim claiming it was filed late and objecting to the amount and validity of the claim. (Bankr. D.I. 77). On August 2, 2018, the Bankruptcy Court overruled Appellant's Objection to Proof of Claim as moot because relief from the stay had been granted. The Bankruptcy Court also noted that the Court saw no prejudice to Appellant from any alleged delay in the filing of Bank of New York's Proof of Claim. (Bankr. D.I. 96).

**B.     Lift Stay Order**

On June 29, 2017, Bank of New York filed a Motion for Relief from Stay (Bankr. D.I. 52) ("Stay Relief Motion") based on Appellant's failure to make the required post-petition payments under the Chapter 13 plan, including 12 post-petition payments for the months of July 2016 through June 2017. (*Id*. ¶ 1).

To avoid litigation, determination of the Stay Relief Motion was stayed by agreement of the parties per a signed stipulation (Bankr. D.I. 59) ("Stipulation"). Under the terms of the Stipulation, Appellant acknowledged Bank of New York's calculation of post-petition arrearages and costs and agreed to file, within 30 days, a modified Chapter 13 plan to provide a cure for the post-petition delinquency of payment of arrearages and costs, then totaling $14,197.58 (*id.* ¶¶ 10-12) and additionally to continue to make regular monthly payments in the amount of $1,242.52 as due beginning with the September 1, 2017 payment (*id.* ¶ 13). Under the Stipulation, events of default included: Appellant's failure to file the modified Chapter 13 plan, failure to pay the post-petition arrearages, and failure to make any of the monthly payments. (*Id.* ¶ 14). Upon occurrence of an event of default, 10 days' notice to Appellant, and Appellant's failure to cure, the Stipulation provided that the Stay Relief Motion would be granted without further hearing. (*Id.* ¶ 15). On October 3, 2017, the Bankruptcy Court approved the Stipulation (Bankr. D.I. 60) ("Stipulated Order").

On January 11, 2018, Bank of New York filed a notice of non-compliance. (Bankr. D.I. 65). The notice indicates, and the docket reflects, that Appellant failed to file a modified Chapter 13 plan as required by the Stipulated Order. The notice of non-compliance also stated that Appellant was in default for a total amount of $3,707.08, which included three regular mortgage payments required on November 2017, December 2017, and January 2018. (*Id.* at 2).

On January 16, 2018, Appellant filed the proposed modified Chapter 13 plan, which was approved by the Bankruptcy Court. (Bankr. D.I. 66, 72). On February 1, 2018, Bank of New York filed a notice of default under the Stipulated Order. (Bankr. D.I. 71). The notice of default acknowledged that Appellant had filed, albeit late, a modified Chapter 13 plan, but the post-petition arrears for November 2017 through February 2018 remained unpaid. Appellant filed an

objection to the notice of default alleging that Bank of New York was not entitled to stay relief because there was an improper allocation of post-petition payments, erroneous fees were charged during the bankruptcy, and the amount owed was incorrect. (Bankr. D.I. 74). Appellant also filed an objection to Bank of New York's proof of claim. (Bankr. D.I. 77).

On April 24, 2018, the Bankruptcy Court held a hearing on pending matters and took them under advisement. (*See* Bankr. D.I. 98, 4/24/18 Hr'g Tr.). On April 25, 2018, Bank of New York filed a supplemental letter brief with the Bankruptcy Court, which included correspondence from Ocwen, the loan servicer, to Appellant with an account reconciliation in response to questions raised by Appellant. (Bankr. D.I. 84). On April 30, 2018, Appellant filed a response to the supplemental letter brief claiming that Ocwen collected payments and other charges before the loan was assigned to it. (Bankr. D.I. 85). On May 8, 2018, Appellant filed a motion to reinstate the automatic stay. (Bankr. D.I. 87).

On June 7, 2018, the Bankruptcy Court entered the Lift Stay Order, which (i) denied Appellant's motion to reinstate the automatic stay, and (ii) granted Bank of New York relief from the automatic stay on the basis that Appellant failed to make the required post-petition payments under the Stipulated Order. (Bankr. D.I. 90 ¶ 2). The Bankruptcy Court further determined:

> In subsequent proceedings, including a hearing held on April 24, 2018, [Appellant] has raised challenges to, among other things, [Bank of New York's] pre-bankruptcy conduct, the amounts due to [Bank of New York] and the contents of [Bank of New York's] proof of claim. The terms of the Stipulation are clear, and the record supports a finding that a payment default has occurred. The issues raised by [Appellant], particularly those relating to events that occurred years ago, do not change the fact that [Appellant] failed to make payments in compliance with the Stipulation.

(*Id.* ¶ 3). On June 21, 2018, Appellant timely appealed the Lift Stay Order (Bankr. D.I. 93) ("First Appeal"). *See Genrette v. Bank of New York Mellon Trust Company*, No. 18-920-MN (D. Del.), D.I. 1. On February 7, 2019, this Court affirmed the Lift Stay Order. (*Id.,* D.I. 41). On

September 27, 2019, the Court entered a Memorandum Order denying Appellant's petition for rehearing *en banc*. (*Id.,* D.I. 46).

      **C.**      **Order Denying Loan Modification**

While her appeal of the Lift Stay Order was pending, Ocwen offered Genrette a loan modification which she had to accept by July 31, 2018. (*See* D.I. 13 at Exhibit A) ("Loan Modification Agreement"). Appellant inquired whether she could have an extension to respond to the loan modification until after her appeal was decided. In response, Ocwen advised Appellant she could respond by August 31, 2018, but no later. Rather than forgo the benefit of the loan modification, Appellant accepted the loan modification offer on August 31, 2018. (*Id.*). Appellant voluntarily made payments on the loan modification from August 31, 2018 through November 29, 2018. (*See id*, Exhibit A.) Accordingly, on October 11, 2018 Bank of New York filed a Motion for Approval of Loan Modification Encumbering Property ("Motion To Approve Loan Modification") (Bankr. D.I. 101), which, surprisingly, Appellant opposed. (Bankr. D.I. 103, 109, and 111).

Appellant filed a Response to the Motion to Approve Loan Modification, on October 19, 2018, claiming that the Bankruptcy Court did not have subject matter jurisdiction to hear the motion because Bank of New York's claim "is being handled by the Federal Court." (Bankr. D.I. 103). As part of that same strategy, Appellant also filed the Motion To Stay, to stay her entire bankruptcy case until her First Appeal was decided. (Bankr. D.I. 105). Appellant then filed an Objection to the Motion to Approve Loan Modification, on November 5, 2018, because her First Appeal was still pending, her claimed accounting error, inability to acquire new debt while in a Chapter 13 bankruptcy, and her motion to stay bankruptcy case. (Bankr. D.I. 109). Appellant then filed a Reply in Opposition to the Motion to Approve Loan Modification, on

November 16, 2018, claiming, among other things, that the Lift Stay Order was still pending appeal, Bank of New York's security interest in Appellant's property was not perfected, Appellant's inability to acquire new debt while in a Chapter 13 bankruptcy, and Appellant's motion to stay bankruptcy case, and challenging standing. (Bankr. D.I. 111).

At a November 20, 2018 hearing on the Motion To Approve Loan Modification and Motion to Stay, Appellant requested the Bankruptcy Court stay its ruling on the Motion To Approve Loan Modification, as well as her entire Chapter 13 case, while her First Appeal was pending. The Bankruptcy Court found both of these requests to be atypical. Further, although Appellant voluntarily signed the Loan Modification Agreement, the Bankruptcy Court recognized that since Appellant opposed the Motion To Approve Loan Modification, it had no choice but to deny it. (Bankr. D.I. 112). "[T]he record reflecting that the Debtor objects to the relief set forth in the motion[,] and the Court having noted that it would not approve a mortgage modification over the Debtor's objection," the Bankruptcy Court entered the Order Denying Loan Modification on November 27, 2018. (*See* Bankr. D.I. 118).

On November 28, 2018, Appellant filed a Notice of Appeal of the Order Denying Loan Modification and Motion To Stay. (Bankr. D.I. 119). Appellant also filed both a Motion for Emergency Review (No. 18-920-MN, D.I. 13) and a Motion for Emergency Injunction (*id.*, D.I. 31) in her First Appeal, both of which were denied by this Court (*id.*, D.I. 16 and 35). The Court set a briefing schedule (D.I. 9), and this appeal is fully briefed. (D.I. 12, 13, 14). The Court did not hear oral argument because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

### III. STANDARD OF REVIEW

Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C § 158(a)(1) and (3). In conducting its review of the issues on appeal, this Court reviews the Bankruptcy Court's findings of fact for clear error and exercises plenary review over questions of law. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.,* 197 F.3d 76, 80 (3d Cir. 1999). The Court must "break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992).

### IV. ANALYSIS

In her opening brief, Appellant claims the Bankruptcy Court erred by failing to hold additional hearings on her claims of an accounting error, lack of standing, and late filed proof of claim. (*See* D.I. 12). This is contrary to her request that the Bankruptcy Court stay the proceedings pending her First Appeal and irrelevant to her appeal of the Order Denying Loan Modification.

#### A. The Bankruptcy Court Could Not Approve the Loan Modification Agreement As Appellant Rescinded the Agreement

Appellant requests this Court to reverse the Order Denying Loan Modification and instruct the Bankruptcy Court to hold an evidentiary hearing on her claimed disputed material facts. Appellant cites no error in the Bankruptcy Court's entry of the Order Denying Loan Modification and offers no appropriate basis to order an evidentiary hearing.

Following entry of the Lift Stay Order, Bank of New York and Appellant entered into a Loan Modification which would have resolved the payment default on the Loan. Appellant, however, rescinded the Loan Modification agreement when she opposed the Motion to Approve

Loan Modification. The Bankruptcy Court requires approval of loan modification agreements. Loan modification agreements are akin to reaffirmation agreements thus requiring court approval. *See, e.g., In re: Pope*, 2011 WL 671972, at *1 (Bankr. E.D. Va. Feb. 17, 2011); *see also In re Roderick*, 425 B.R. 556 (Bankr. E.D. Ca. 2010). Sections § 524(c) and (d) of the Bankruptcy Code dictate certain requirements before a reaffirmation agreement is enforceable. Notably, § 524(c) requires that "the debtor must not have rescinded the agreement . . . ." 11 U.S.C. § 524(c)(4). The Bankruptcy Court correctly denied approval of the Loan Modification Agreement based on Appellant's rescission.[2]

Appellant's First Appeal has been denied, and the Lift Stay Order has been affirmed. This Court has confirmed that Bank of New York had standing, and that a late proof of claim has no bearing on Bank of New York's right to participate in Appellant's Chapter 13 plan because the plan called for Appellant to make post-petition payments to Bank of New York. (*See* No. 18-920-MN, D.I. 137 at 11-13). Appellant's opening brief in support of her appeal requests that this Court reverse the Order Denying Loan Modification and instruct the Bankruptcy Court to hold an evidentiary hearing based on her same claims of accounting error, lack of standing, and late filed proof of claim – all of which were defenses she asserted with respect to the Lift Stay Order. Notably, Appellant does not deny rescinding the Loan Modification Agreement – and again

---

[2] It appears that Appellant desires the benefit of the Loan Modification Agreement, but only if all of her other attempts to attack the amounts due to Bank of New York fail. This is why Appellant accepted the Loan Modification, but then opposed the Motion Approve Loan Modification, and asked the Bankruptcy to stay the Chapter 13 case and its ruling. It is telling that, once the Bankruptcy Court denied Appellant's request to stay the Chapter 13 case and entered a ruling on the Motion Approve Loan Modification, Appellant immediately appealed the Order Denying Loan Modification. Appellant also filed her Motion for Emergency Hearing on the basis that the Loan Modification should not have been denied.

focuses on her three asserted defenses. This Court finds no basis to reverse the Order Denying Loan Modification.

> **B. The Claims of Prepetition Accounting Error, Lack of Standing, and Late-Filed Proof of Claim Have No Relevancy to Bank of New York's Motion to Approve Loan Modification and No Further Evidentiary Hearing Is Required**

Appellant claims that the Bankruptcy Court erred by not setting a hearing regarding certain disputed material facts – including Bank of New York's standing, its late filed Proof of Claim, and the disputed amounts due on the mortgage loan – before denying approval of the Loan Modification Agreement. None of those issues, however, are relevant to whether or not the Loan Modification Agreement should have been approved over Appellant's own objection. Further, these same issues and objections have already been considered and rejected by this Court and the Bankruptcy Court.

Appellant complains of several accounting errors in her opening brief. (*See* D.I. 12 at 6-9). Appellant claims the pre-petition arrears should have been "around $3,000." (*See id*. at 9). Appellant further asserts that Bank of New York added and applied fees post-petition which were not allowed, as well as post-petition interest which is not permitted in bankruptcy. (*Id.*). Appellant also claims that Bank of New York's Proof of Claim was untimely and included amounts not due and owing by Appellant. (*Id.* at 4). Therefore, Appellant claims that the balance due was inflated and therefore should not have been the basis for the loan modification offer. (*Id.* at 8). Finally, Appellant appears to claim that $22,160.07 paid in June 2014 is some sort of preference under 11 U.S.C. § 547(b) which should be recovered for the benefit of her bankruptcy estate. (*Id.*).

Appellant's claimed accounting errors are not factually supported by the record, which this Court confirmed in the First Appeal. (No. 18-920-MN, D.I. 41 ¶ 19). Further, Appellant conceded the validity of her post-petition obligations and specified the amounts owed in the Stipulation.

9

(*Id.*)  In any event, any accounting errors have no bearing on the Bankruptcy Court's ability to approve or deny approval of the Loan Modification Agreement.

Appellant's request to recoup the $22,160.07 she paid as a preference is illogical, as that would only increase the amount she owes to Bank of New York.  Appellant also appears to claim that Bank of New York's Proof of Claim should be disallowed altogether because it was untimely. (D.I. 12 at 9).  This, however, is just another version of her argument that Bank of New York was not entitled to participate in the bankruptcy because its Proof of Claim was untimely.  This Court has already confirmed in the First Appeal that Bank of New York's failure to timely file its proof of claim has no bearing on its right to participate under Appellant's Chapter 13 plan because the Chapter 13 plan called for Appellant to make post-petition payments to Bank of New York.  (No. 18-920-MN D.I. 41 ¶ 24).  Further, the Bankruptcy Court found no prejudice to Appellant from any alleged delay in the filing of Bank of New York's Proof of Claim.  (Bankr. D.I. 96).

Finally, Appellant claims the Bankruptcy Court erred by not recognizing that Bank of New York lacks standing to assert an interest in the Property and to enter into a loan modification. (*See* D.I. 12 at 11-12).  This Court, again, has already reviewed Appellant's allegation of lack of standing and discounted it.  (No. 18-920-MN, D.I. 41 ¶ 22-23).  Specifically, this Court found:

> Bank of New York is in possession of the Note.  Bank of New York attached to the Proof of Claim a copy of an assignment of mortgage from Mortgage Electronic Registrations Systems, Inc. as nominee for Mercantile Mortgage Company (the original lender) to Bank of New York.  (*See* Proof of Claim, Exhibit A).  Further, a copy of the Note which is endorsed to Bank of New York is also attached to the Proof of Claim.  (*Id*.)  The Court finds no error in granting stay relief as Bank of New York was entitled to enforce both the Note and Mortgage under Delaware law, and in turn was a party in interest entitled to seek relief from the automatic stay.

(*Id.*).  As noted by this Court and the Bankruptcy Court, Appellant did not question Bank of New York's standing to foreclose when she commenced the Chapter 13, why she provided for payment to Bank of New York in the Chapter 13 plan, or why she confirmed amounts due and agreed to

make payments to Bank of New York under the Stipulated Order. (*Id*. ¶ 22). Therefore, there were no material facts relevant to – or which had to be adjudicated prior to – the Bankruptcy Court ruling on the Motion To Approve Loan Modification.

## V. **CONCLUSION**

The Bankruptcy Court could not approve the Loan Modification over Appellant's objection, and no further evidence was required for the Bankruptcy Court's entry of the Order Denying Loan Modification. For the reasons set forth herein, the Order Denying Loan Modification (B.D.I. 118) is AFFIRMED. The Clerk of Court is directed to CLOSE this case.

September 30, 2019

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge